### 5500.   KEYSTONE LUBRICATING CO. *v.* FARMERS OIL & FERTILIZER CO.

WADE, J.   1. It was error to exclude from the evidence a written contract signed by the parties, which was produced by the defendant under notice, from which it appears that the purchaser had the option, if certain oil in question was found to be unsatisfactory, to return it within 90 days without charge for any amount thereof consumed by the purchaser; since it was admitted on the part of the defendant that the oil was not returned in accordance with the contract which the court rejected.   The failure of the purchaser to return the oil might have authorized the inference on the part of the jury that the defendant's plea of failure of consideration was not made in good faith, nor fully supported by the facts in evidence.

2. Generally, instructions as to use of a commodity, alleged to have been given by a mere agent to sell, are inadmissible to bind the principal, unless it appears that the giving of such instructions was within the scope of the agent's authority.   An agency to sell does not necessarily include the right to collect or the right to give instructions in regard to the use of the articles sold.

3. The evidence as to the controlling issues was in sharp conflict, and in view of the rulings upon the admission of testimony, referred to above, a new trial should have been granted, to the end that an investigation might be had with the aid of all the competent testimony.

*Judgment reversed.   Roan, J., absent.*
DECIDED SEPTEMBER 1, 1914.

Complaint; from city court of Dawson—Judge M. C. Edwards. December 16, 1913.

*James G. Parks,* for plaintiff.

*H. A. Wilkinson, R. R. Marlin,* for defendant.